# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 4:20-cv-03385 |
| v. | |
| SIGNIFY HEALTH, LLC, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

**NOW COMES** RADLEY BRADFORD, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of SIGNIFY HEALTH, LLC as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. RADLEY BRADFORD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. SIGNIFY HEALTH, LLC ("Defendant") is a limited liability company that specializes in assisting healthcare providers facilitate healthcare services to individuals nationwide.

10. Defendant maintains its principal place of business in Dallas, Texas.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7679.

13. At all times relevant, Plaintiff's number ending in 7679 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. At no point in time did Plaintiff provide his cellular phone number to Defendant or otherwise consent to receive phone calls from Defendant.

16. In May 2020, Plaintiff started to receive solicitation calls from Defendant to schedule a health assessment.

17. Defendant's phone calls were placed on behalf of Aetna Insurance, Plaintiff's health insurance provider.

18. Upon answering Defendant's calls, Plaintiff was required to say "hello" numerous times before being connected to a live representative.

19. On multiple occasions, including June 8, 2020 and September 1, 2020, Plaintiff answered Defendant's calls and requested that Defendant cease its solicitation calls.

20. Despite Plaintiff's multiple requests that the calls cease, Defendant continued its barrage of solicitation calls, including, but not limited to, calls from the phone numbers (855) 746-8709 and (855) 215-1831.

21. In total, Defendant placed dozens of solicitation calls to Plaintiff's cellular phone after Plaintiff initially requested that the solicitation calls cease in June 2020.

22. Defendant's invasive solicitation calls have severely disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal telemarketing activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of his cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

24. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

25. Concerned with Defendant's abusive telemarketing practices, Plaintiff retained counsel to compel Defendant to cease its solicitation calls.

## CLASS ALLEGATIONS

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons in the United States (1) to whom Defendant placed a phone call relating to the scheduling of a health assessment; (2) to a phone number assigned to a cellular phone; (3) without the call recipient's express consent; (4) using an automatic telephone dialing system; (4) within four years preceding the date of this compliant through the date of class certification.

28. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

29. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

30. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and will be determined through targeted discovery.

31. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

32. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

33. There are many questions of law and fact common to the claims of Plaintiff and members of the Putative Class.

34. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

35. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class were harmed by Defendant's conduct and thus are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability**

36. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

37. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

38. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

39. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

40. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

41. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

42. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## **CLAIMS FOR RELIEF**

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and members of the Putative Class)**

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. As pled above, Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned calls, to Plaintiff's cellular telephone, utilizing an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

45. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

46. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

47. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

48. As pled above, Plaintiff never provided Defendant with consent to place calls to his cellular phone.

49. Moreover, Plaintiff requested that Defendant's phone calls cease to no avail.

50. As pled above, Plaintiff was harmed by Defendant's solicitation calls to his cellular phone.

51. Upon information and belief, Defendant knew its solicitation practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

52. As a result of Defendant's violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

53. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the Putative Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation;

F.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

G.      an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: September 30, 2020                         Respectfully Submitted,

**RADLEY BRADFORD**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com